UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN MARIE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CV 2513 CDP |
| | ) | |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Dawn Marie Moore brings this action under the Employee

Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.*, to recover

long-term disability benefits under her employee welfare benefit plan, Ascension

Long-Term Disability Plan (Plan).  The claims administrator, defendant Sedgwick

Claims Management Services, Inc., denied her claim for benefits.  Moore now asks

that I permit her to conduct limited discovery outside the administrative record to

show Sedgwick's procedural irregularities in the claims review process and to

provide guidance to the Court regarding the proper standard of review.  For the

reasons that follow, I will allow Moore to engage in some limited discovery.

### Background

Moore was employed as a medical transcriptionist at Ascension Health.  She

received short-term disability (STD) benefits from August to November 2016

- 2 -

because of chronic back pain associated with fibromyalgia.  She returned to work

on November 6, 2016, with employer-provided accommodations.  Ascension

Health eliminated Moore's position, and others, effective February 18, 2017.

Moore last worked at Ascension Health on February 17, 2017.

In January 2017, Moore applied for another period of STD benefits because

of fibromyalgia, claiming a prospective disability onset date of February 17, 2017.

Sedgwick denied the claim on February 23, 2017, and Moore appealed.  Sedgwick

denied the appeal on July 21, 2017.

Moore applied for long-term disability (LTD) benefits on September 7,

2018, alleging a disability onset date of February 17, 2017.  Sedgwick denied the

claim on September 21, 2018, for the reason that Moore failed to meet the 180-day

Elimination Period required for LTD eligibility – that is, under the terms of the

Plan, Moore had to have 180 consecutive days of disability before being entitled to

receipt of LTD benefits on the 181st day.  Sedgwick advised Moore that her failure

to be considered disabled for STD benefits on February 17, 2017, rendered her

unable to meet the Elimination Period requirement for LTD.  Moore appealed.

Sedgwick denied the appeal on April 9, 2019.

Moore filed this action on July 30, 2019, alleging that Sedgwick and the

Plan wrongfully denied her LTD benefits in that they failed to consider the issues

- 3 -

raised in her appeal; ignored clear medical evidence of her medical conditions and disability; failed to perform a full and fair review of her claim; failed to notify her of additional material needed to perfect her claim and an explanation of why that material was necessary; failed to adequately explain why it rejected specific evidence in her file; failed to engage in meaningful dialogue with her; failed to adequately explain its reasons for denying benefits; conducted a selective review of her medical records; and failed to adequately assess her employability before determining that she was not sufficiently disabled to qualify for LTD benefits. Moore raises no challenge to the February 2017 denial of STD benefits.

Moore now moves for limited discovery concerning whether procedural irregularities impacted Sedgwick's decision to deny her LTD benefits. She does not challenge the completeness of the administrative record.

## Discussion

The first step in evaluating a claim under ERISA is determining the appropriate standard of review. When evaluating a challenge to the denial of benefits, the Court conducts *de novo* review unless the plan grants its administrator discretionary authority to determine benefit eligibility or construe terms of the plan. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Janssen v. Minneapolis Auto Dealers Benefit Fund*, 477 F.3d 1109, 1113 (8th Cir. 2006). If a

- 4 -

plan gives discretion to a plan administrator, the plan administrator's decision is

reviewed under a deferential abuse-of-discretion standard. *Janssen*, 477 F.3d at

1113. A less deferential standard of review may be applied, however, in cases

where a claimant has presented "material, probative evidence demonstrating that

(1) a palpable conflict of interest or a serious procedural irregularity existed, which

(2) caused a serious breach of the plan administrator's fiduciary duty." *Woo v.*

*Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998).

When reviewing an administrator's benefits decision, a court is generally

limited to review of the evidence that was before the administrator when it denied

the claim. *Jones v. ReliaStar*, 615 F.3d 941, 945 (8th Cir. 2010). For this reason,

courts generally do not allow the parties in ERISA cases to obtain additional

discovery. *Atkins v. Prudential Ins. Co.*, 404 Fed. App'x 82, 84-85 (8th Cir. 2010).

However, limited discovery may be permitted to determine whether a conflict of

interest or procedural irregularity exists. *See Sampson v. Prudential Ins. Co. of*

*America*, No. 4:08CV 1290 CDP, 2009 WL 882407, at *2 (E.D. Mo. March 26,

2009) ("[A] conflict or procedural irregularity cannot be considered in a vacuum.

Discovery is required to explore the nature and extent of the purported conflict or

irregularity at issue.") (citing *Glenn*, 554 U.S. at 116-17). A plaintiff must show

good cause for such discovery by "establishing that the administrative record is

- 5 -

insufficient to establish a 'palpable conflict of interest' or a 'serious procedural

irregularity.'" *Woodrome v. Ascension Health*, No. 4:19-CV-02638 JCH, 2020

WL 1479149, at *2 (E.D. Mo. Mar. 26, 2020) (quoting *Farley v. Arkansas Blue*

*Cross & Blue Shield*, 147 F.3d 774, 776 n. 4 (8th Cir. 1998)).

Moore does not argue or explain why discovery is needed to determine

whether a conflict of interest existed to influence Sedgwick's decision to deny her

LTD benefits.  She asserts no factual allegations in her complaint or in her motion

showing that Sedgwick's decision to deny her claim was wrongfully influenced in

any way.  "A mere assertion of bias based on nothing more than speculation fails

to show good cause to allow discovery beyond the administrative record."

*Woodrome*, 2020 WL 1479149, at *2.  I will therefore deny Moore's request to

propound her proffered discovery requests that seek to obtain conflict-of-interest

information.  *See id.*

Moore does assert, however, that discovery is needed to show that

procedural irregularities existed in Sedgwick's decision – specifically, that

Sedgwick 1) automatically denied benefits based solely on Moore's failure to

obtain STD benefits without independently reviewing the evidence, including

evidence that the Social Security Administration considered her disabled as of

February 17, 2017; and 2) improperly considered Moore's severance agreement

- 6 -

with Ascension Health and determined that she had waived her right to LTD.  I will address this second allegation first.

In their amended answer to Moore's complaint, defendants raise an affirmative defense that Moore released her claim to LTD Plan benefits under the terms of a Severance, Waiver, and General Release Agreement entered into and effective upon the February 2017 termination of her employment with Ascension Health.   (*See* ECF 28.)  A review of the administrative record shows that Sedgwick knew of this severance agreement during its review of Moore's application for LTD benefits.  (*See* ECF 24 at header p. 137.)  Further, the record shows that during its review of Moore's claim for STD benefits in February 2017, Sedgwick spoke with Moore regarding the severance agreement and with Ascension Health regarding the termination of Moore's employment as it related to her claim for benefits.  (*See* ECF 23 at header pp. 40, 42.)  Given defendants' introduction of this agreement as an affirmative defense and Sedgwick's reference to the agreement during its review of Moore's claim, I agree that discovery is warranted to determine whether and to what extent Sedgwick considered this agreement in its determination to deny Moore's claim for LTD benefits and, if so, whether Sedgwick acted outside its authority under the Plan in doing so.

Regarding Moore's assertion that a procedural irregularity exists in

- 7 -

Sedgwick's reliance on only the denial of STD benefits in determining to deny her

LTD benefits, I disagree that discovery is necessary to develop this claim.  There is

no dispute that the only reason Sedgwick provided in denying Moore's claim and

her appeal is that Moore's failure to be considered disabled for purposes of STD

benefits on February 17, 2017, rendered her unable to meet the 180-day

Elimination Period required for LTD eligibility.  Additional discovery will not

enlighten this fact nor is necessary to determine Moore's claim that she is entitled

to LTD benefits because of it.  The evidence and information contained in the

administrative record is sufficient.  I will therefore deny Moore's request for

discovery into Sedgwick's determination to rely only on the denial of STD

disability status in denying Moore's claim for LTD benefits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Dawn Marie Moore's Motion for

Leave to Conduct Discovery [29] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that no later than **June 15, 2020**, defendants

shall respond to and provide the following discovery to plaintiff:

- Request for Admission No. 2;
- Interrogatory Nos. 1 and 8;
- Document Request No. 1;
- Document Request No. 5, only for the period relevant to plaintiff's claim and involving only the Ascension LTD Plan;
- Document Request No. 9(c), only as it involves plaintiff's severance

- 8 -

> agreement;
> - Document Request No. 14(c), only as to notes referencing plaintiff's severance agreement;
> - Document Request Nos. 16 and 18, only as they relate to plaintiff's severance agreement; and
> - Document Request No. 20.

In all other respects, Moore's request for discovery, including depositions, appears unnecessary at this time to establish procedural irregularities in this case.

**IT IS FURTHER ORDERED** that a **telephone conference** is set in this matter on **<u>Friday, May 29, 2020 at 11:00 a.m.</u>** to discuss scheduling the remaining proceedings in this case.  Counsel shall be prepared to discuss the proposed schedule set out in their Joint Proposed Scheduling Plan (ECF 15), a date for referral to mediation, and why they believe trial cannot be set earlier than February 2021.  The telephone conference will be arranged by the Court.  **Counsel should dial 888-684-8852, then when prompted enter access code:  4362059.**

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2020.